## Daniel Williamson *v.* Raney and Girault.

A man who buys a defective title, knowing it to be so, must abide the consequences.

If, on account of a contract between A and B, A gives his note to C, who is a creditor of B, A cannot be relieved from his note because of a fraud committed by B, in his conduct with A.

Where a party buys land and takes no covenants for title, and there is no fraud, he has no relief at law or in equity, even on total failure of title.

It is a well settled rule, that a party who has bought land and been let *into* possession, and who seeks to enjoin the payment of the purchase money on the ground of fraud or failure of title, must pray a *rescission of the contract,* for the very striking reason that he will not be permitted to both withhold the purchase money and at the same time keep and enjoy the land.  The only prayer in this bill is for an injunction.  No relief can therefore be given under it, and the bill must be dismissed.

In the year 1835, the trustees of the sixteenth section of school lands for the county of Tallahatchie, advertised and sold one-eighth of the same to James A. Girault.  Girault laid the land out in town lots, and formed a town now called Tuscahoma.  Girault then made the following agreement with the parties therein :

"Article of agreement and understanding by and between James A. Girault, president of the Tuscahoma company, and William D. Mills and William Raney:—Whereas the said Mills and Raney have this day purchased from said Tuscahoma company four lots of land in the town of Tuscahoma, known as Nos. 1, 2, 3 and 4, in square 12, and have agreed, and do by these presents agree, to build a two story tavern house, and finish it complete, upon said lot No. 1; and the said James A. Girault, as president aforesaid, doth hereby bind himself that he will indorse a credit of sixty-six dollars upon each of the three notes which said Raney and Mills have executed to said Girault, making, in the whole, the sum of two hundred dollars.  Said credits are to be immediately made upon the completion of said tavern house.  In witness whereof,

the said James A. Girault has hereunto set his hand and seal, the 16th day of January, 1835.

JAMES A. GIRAULT. [Seal.]"

Mills and Raney commenced the erection of a hotel and other buildings on the lot, but, before they were completed, Mills died. Raney, the surviving partner, sold the said lots and unfinished buildings at auction, and the same were bought by a company, to wit: Augustus S. Campbell, Benjamin C. Adams, Minor G. Shumarte, Walter Hickey, and William Raney. On the 28th day of December, 1835, this company sold the property to David Williamson, the complainant in this bill, whereupon the latter executed his two notes to said Raney, one of said company, in place of the said company—the first note for $2,000, the next for $100, the latter due April 1st, 1836, the former April 12, 1838. Complainant, Williamson, also agreed to pay the notes held by Girault against Mills and Raney, upon the said Girault's making a good legal title to said lots. Williamson entered upon the property and went on to make improvements. In the year 1838 Raney sued Williamson on the two notes to him, and obtained judgments. The bill charges that neither Girault nor Raney have made him a title; that they never had any title themselves, and can make none to him; that the sale by the trustees of the sixteenth section was illegal and conveyed no title to Girault, and prays an injunction to enjoin the collection of Raney's judgments against Williamson, the complainant.

Raney, in his answer, admits the allegations of the bill, and says that when he, as surviving partner of Raney and Mills, sold said lots, they were bought by the company as stated by complainant, for the sum of $2,000, on a credit of twelve months; but before said company executed their notes for the purchase money, Raney took an equal interest in the purchase. When they sold to Williamson, Raney took Williamson's notes in place of the notes of said company, and cancelled the latter. He also states that Williamson was to look to Girault for his title to the property, and was fully apprised of all these facts. When Williamson took possession of the property, he executed to Raney, and each member

10*

of said company, a note for one hundred dollars for the improve‑ ments they had made, since when he has had undisturbed posses‑ sion of the property.

Girault admits the allegations of the bill, except that he says he has always been ready to make title to the lots, whenever the pur‑ chase money was paid. ˙ The depositions in the case sustain the same points, and do not vary the facts.

McKennon and Blocker for complainant.

Marsh and Ayres for defendants.

The Chancellor.

The complainant's bill should be dismissed, for the following reasons :

˙ First. Because it appears that Williamson purchased with full knowledge of the character of the title he was to get. A man who buys a defective title, knowing it to be so, must abide the consequences. 1 John. Ch. R. 213; 2 ibid. 336.

Second. Williamson purchased from a *company*, not from Ra‑ ney, and gave his note to Raney in lieu of the company's note, which Raney held. This precludes any defence against the note to Raney. If, on account of a contract between A and B, A gives his note to C, who is a creditor of B, A cannot be relieved from his note because of a fraud committed by B in his contract with A. Hard. R. 491; 1 Bibb's R. 175.

Third. According to the complainant's own showing, he agreed to take the title from Girault, and of course cannot look to Raney, nor delay him in the payment of his money. Maynard proves this clearly. 3 Mon. 380.

Fourth. The complainant has no right to demand title from Girault until he pays him the purchase money which he agreed to pay.

Fifth. Where a party buys land and takes no covenants for title, and there is no fraud, he has no relief at law or in equity, even on total failure of title. There is no pretext that there was any fraud in this case. 2 John. Ch. R.

Sixth. No relief whatever can be given under this bill. The

Daniel Williamson *v.* Raney and Girault.

only prayer in it, either general or special, is for an injunction. It is a well settled rule, that a party who has bought land and been let into possession, and who seeks to enjoin the payment of the purchase money, on the ground of fraud or failure of title, must pray a *rescission* of the contract, for the very striking reason that he will not be permitted to both withhold the purchase money and at the same time keep and enjoy the land. Markham *v.* Todd *et al.* 2 J. J. Marshall, 367.

The bill of complaint must be dismissed at the cost of the complainant.